REED, J.,
— From the respective briefs, we gather this case was commenced on civil complaint before a district justice on September 18, 1970, with hearing on October 6,1970. Defendant failed to appear and a default judgment was entered that date.
*195 The record of this court shows defendant filed a notice of appeal to this court on October 20, 1970. Plaintiff was ruled to file a complaint in 20 days which plaintiff did on October 30, 1970. On November 19, 1970, defendant filed an answer with counterclaim. Thereafter, and on November 23, 1970, plaintiff filed a motion to quash defendant’s appeal.
The matter comes before us en banc for disposition of plaintiff s “motion to quash.”
Parenthetically, defendant had requested plaintiffs complaint be “non prossed” for failure to file within 20 days. Plaintiff, however, having filed within 10 days, defendant withdrew that request.
Plaintiff contends defendant’s appeal must be quashed because defendant failed to (a) pay the district justice’s costs before taking the appeal, or (b) post bail absolute to pay debt, interests and costs if he was unsuccessful in the appeal, as required by the Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928. Defendant’s failure would result in an imperfected appeal, if this act of assembly were still controlling.
The Constitution of 1968 has, however, wrought substantial changes in judicial structure in Pennsylvania, unknown to the prior Constitution of 1874.
The Constitution of 1968, art. V, at sec. 1, establishes a unified judicial system, including justices of the peace, and states that all courts and justices of peace and their jurisdiction shall be in this unified system. Article V, sec. 9, gives a specific right of appeal from all justices of peace decisions, whereas formerly, that right was specifically granted from summary convictions only. Cf. Constitution of 1874, art. V secs. 9-14.
We need not discuss in greater detail or reference the whole broad scope of changes made in the judicial structure at Article V of the Constitution of 1968, which *196 a comparative reading of that article and corresponding Article V of the Constitution of 1874 will amply reveal, and as well made more clear that justices of the peace courts are not only changed, but are made an integral part of the total court and judicial structure.
Pursuant to Article V, sec. 9, the legislature adopted “The Minor Judiciary Court Appeals Act” of December 2, 1968, P. L. —, No. 355, 42 PS §3001, et seq., as:
“An Act implementing the provisions of section 9 of Article V of the Constitution of the Commonwealth of Pennsylvania by providing for a right of appeal in all cases from decisions of the minor judiciary; and providing the procedure therefor.” (Italics supplied.)
Section 8 of the act repealed all other acts or parts of acts insofar as inconsistent with this new act.
Section 5 of that act, 42 PS §3005, provides the procedure for appeal from justices of the peace in all matters except summary proceeding which is covered at section 3, 42 PS §3003.
Subsection (b) of section 5 of the act provides:
“The appeal shall be taken within twenty days . . . by filing with the prothonotary ... a notice of appeal . . . and . . . (ii) if the defendant ... is the appellant, shall consist of a praecipe ... to enter a rule upon the plaintiff to file a complaint...”
Subsection (c) provides:
“The appeal shall be conducted and prosecuted in accordance with the law and the Pennsylvania Rules of Civil Procedure that would have been applicable if the action had been initiated in the court of common pleas.”
The appeal is taken by the simple action of filing a notice, and if defendant is appellant, a praecipe telling the prothonotary to rule plaintiff to file a complaint. Thereafter, procedurally the case is as if the plaintiff *197 had never done anything at the justice of the peace level, but instead first filed a complaint in the court of common pleas to commence the action.
The intent of the legislature is to implement Article V, sec. 9; we interpret this act to give effect to that legislative purpose and intent (Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, sec. 51, 46 PS §551), when we decide what prior procedures are consistent or inconsistent therewith.
With this, giving the Act of May 29, 1907, 42 PS §928 any continuing efficacy is unnecessary, unreasonable and unworkable; and, therefore it was repealed.
The payment of costs or posting of bail absolute is not necessary for the procedures of the new act, either to implement or make them effective. The new procedures are self-implementing and clear.
These prerequisites are unreasonable when considered against the constitutional right to appeal, because they would create an unusual, peculiar, and extra burden upon the right of appeal from justices of peace, which does not exist otherwise in the appellate procedures.
Finally, they would not be workable, because the act makes no provision for their implementation or enforcement. There is nothing required in the notice of appeal to set forth that any of these conditions were met; moreover, there is nothing to require or hint that a justice of the peace even be informed of, or know that an appeal is taken from any of his decisions. A simple notice of appeal will not make readily ascertainable what, if any, conditions were met.
Any court action to read the former requirements into the act would destroy its simplicity and create a wholly different procedure than that which is plainly intended.
*198 Furthermore, in providing for summary appeals at section 3, 42 PS §3003, the legislature provided for prepayment of costs, bond and filing fee. If the legislature intended such procedures to apply to other appeals, it could have, and would have, done so. It did not.
The mere fact that certain procedures existed heretofore, and under another Constitution, is not reason enough to read them into the new act, and yet that is the only reason advanced for continuing their efficacy.
ORDER
And now, March 1, 1971, plaintiff, Marty Sussman Leasing, Inc.’s motion to quash defendant’s appeal is denied.